J-S61030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN M. GIANNOTTO | |
| Appellant | No. 270 MDA 2015 |

Appeal from the Judgment of Sentence of January 12, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0001115-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 09, 2015**

Jonathan M. Giannotto appeals his January 12, 2015 judgment of sentence.  Giannotto challenges the discretionary aspects of his sentence.  However, because Giannotto failed to comply with the procedural requirements necessary to invoke our jurisdiction, his claim must fail.  We affirm.

On October 6, 2014, Giannotto pleaded guilty to homicide by a vehicle while driving under the influence of alcohol and a controlled substance, 75 Pa.C.S. § 3735(a), and driving under the influence, 75 Pa.C.S. § 3802(d)(2).

The record supports the following summary of facts underlying Giannotto's convictions.  On August 14, 2013, after having consumed alcohol

---

[*]     Retired Senior Judge assigned to the Superior Court.

and controlled substances, Giannotto drove his pick-up truck on Forest Drive, in New Oxford, Pennsylvania, a road that Giannotto travels daily. While exceeding the speed limit, Giannotto failed to notice Charles Ankney riding his lawn mower on the right side of the road. Giannotto struck Ankney with his pick-up truck, sending Ankney airborne for over two hundred feet and killing him. Ankney's wife observed the accident from her window. She immediately went to assist her husband, to no avail.

When police and emergency personnel arrived at the scene, Giannotto entered his vehicle and attempted to flee. The police were able to remove Giannotto from his vehicle and confiscate his keys. A strong odor of alcohol emanated from Giannotto's person. There was also a strong odor of alcohol coming from the passenger compartment of the vehicle. Giannotto submitted to a preliminary breath test, and tested positive for the presence of alcohol. Giannotto refused to submit to field sobriety testing.

Giannotto also refused to submit voluntarily to a blood draw. Thus, the police secured search warrant for Giannotto's blood, which was drawn at Gettysburg Hospital hours later. Giannotto had a blood alcohol concentration of .134%. The blood draw also revealed that Giannotto had concentrations of marijuana and diazepam in his system. An accident reconstructionist determined that Giannotto was traveling between 59-64 miles per hour in a posted 35 miles per hour zone.

On January 12, 2015, following Giannotto's guilty plea, the trial court sentenced him in the aggravated range of the sentencing guidelines to three

and one half to ten years in prison.  Before imposing the sentence, the trial court considered the testimony of Giannotto and of witnesses called by the Commonwealth, and heard argument from each of the attorneys.  The court also reviewed the presentence investigation report.  Although Giannotto suffers from some physical and, perhaps, mental disabilities, the court relied significantly upon the consequences of Giannotto's decision to drive while intoxicated.  Accordingly, the court sentenced Giannotto in the aggravated range.

On January 20, 2015, Giannotto filed a motion to reconsider his sentence.  The trial court denied the motion on January 27, 2015.  On February 10, 2015, Giannotto filed a notice of appeal, which prompted the trial court to direct Giannotto to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On March 10, 2015, Giannotto timely complied.  On May 11, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Giannotto raises the following issue for our review:  "Did the sentencing judge erroneously sentence [Giannotto] in the aggravated range when no aggravating factors were presented and no such factors were alluded to in the judge's sentencing order?"  Brief for Giannotto at 2. Giannotto's challenge implicates the discretionary aspects of his sentence. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273 (Pa. Super. 2006).

Before reaching the merits of Giannotto's discretionary aspects of sentence claim, we first must determine whether this Court has jurisdiction

in this case. This Court repeatedly has stated that, in order to invoke this Court's jurisdiction when raising a challenge to the discretionary aspects of a sentence, an appellant must: (1) file a timely appeal; (2) preserve the issue he or she wishes to present on appeal; (3) include in his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) present a substantial question in his or her concise statement that the sentence is not appropriate under the sentencing code. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Giannotto has filed a timely notice of appeal and has preserved his discretionary challenge by way of a post-sentence motion. However, Giannotto has not complied with the third and fourth requirements.

Pursuant to the third requirement, Giannotto must include in his brief a Rule 2119(f) statement. The rule states, in pertinent part, as follows:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f). In the statement, an appellant must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000). Additionally, the statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." *Id.* If the statement meets these requirements, we then can proceed to determine whether a substantial question exists. *Id.*

Giannotto did not include a Rule 2119(f) statement in his brief. "[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal." *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted). However, "this option is lost if the [Commonwealth] objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied." *Id.* Here, the Commonwealth objects to Giannotto's failure to include a Rule 2119(f) statement in his brief. *See* Brief for the Commonwealth at 5. Consequently, we deny allowance of appeal, and we do not review the merits of Giannotto's challenge to the discretionary aspects of his sentence. *Kiesel*, 854 A.2d at 533.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015