J-S74034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1329 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0000061-2012

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1330 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0004340-2012

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1331 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0007596-2011

BEFORE: BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

*Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY DONOHUE, J.:                    **FILED DECEMBER 14, 2015**

Darnell Flowers appeals from the judgment of sentence entered following his convictions of three counts of retail theft, 18 Pa.C.S.A. § 3929(a)(1). For the following reasons, we affirm.

We begin with a brief factual and procedural background. Between September 2011 and September 2012, the Commonwealth charged Flowers in three separate incidents with retail theft and other related charges. On January 28, 2013, Flowers entered an open guilty plea to three counts of retail theft. On March 21, 2014, the trial court sentenced Flowers to two consecutive sentences of eleven and a half to twenty-three months of imprisonment, followed by four years of probation. Flowers filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied. His court-appointed counsel ("Counsel") timely filed a notice of appeal. In response to the trial court's directive to file a statement of matters complained of on appeal, Counsel filed a statement of his intent to file an ***Anders*** brief, pursuant to Pa.R.A.P. 1925(c)(4),[1] and identified one issue that could arguably support an appeal: whether the aggregate

---

[1] "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders/McClendon*** brief in lieu of filing a Statement. If, upon review of the ***Anders/McClendon*** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel." Pa.R.A.P. 1925(c)(4).

sentence was unduly harsh and excessive, which Flowers also raised in his post-sentence motion. Concise Statement, 6/10/14. In response, the trial court authored an opinion discussing the issue Counsel identified and urged this Court to conclude that it did not amount to a "'non-frivolous' claim for relief." Trial Court Opinion, 6/30/14, at 3.

Counsel then filed his request to withdraw and *Anders* brief with this Court. Upon our review, we concluded that Counsel could not have performed the thorough review of the record, as is required by *Anders*, because the transcript from his guilty plea proceeding was not included in the certified record on appeal; accordingly, we denied Counsel's petition to withdraw and remanded with instructions for Counsel to obtain the missing notes of testimony and file either an advocate's brief or another *Anders* brief following his review of a complete record. *Commonwealth v. Flowers*, 113 A.3d 1246, 1250-51 (Pa. Super. 2015).

Counsel has complied and filed an advocate's brief on Flowers' behalf.[2] He presents only one issue for our review, which he presents as follows: "President Judge Furber abused his discretion when he sentenced [Flowers] to an aggregate term of twenty-three to forty-six months of total confinement to be followed by four years of probation with respect to

---

[2] The Montgomery County Public Defender's Office has represented Flowers throughout the course of this appeal, although the attorney who filed the *Anders* brief and petition to withdraw evidently has since left the Montgomery County Public Defender's Office and another member thereof has filed this brief on Flowers' behalf. *See* Flowers' Brief at 9.

[Flowers'] open plea to three counts of retail theft." Flowers' Brief at 7. This argument challenges the discretionary aspects of Flowers' sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

*Id.*

As noted above, Flowers' appeal was timely filed and he filed a post-sentence motion seeking reconsideration of his sentence. However, Flowers has not included a statement in his brief pursuant to Pa.R.A.P. 2119(f). Furthermore, the Commonwealth has objected to Flowers' failure to include a Pa.R.A.P. 2119(f) statement in his brief. Commonwealth's Brief at 5. Where an appellant has failed to include a Rule 2119(f) statement in his brief and the Commonwealth objects to this omission, this Court is precluded from reviewing the merits of the claim and we must deny the request for appeal. *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004).

Even if Flowers had included the requisite Rule 2119(f) statement in his brief, he would still not be entitled to relief. Flowers argues that in consideration of certain unfortunate life circumstances and his willingness to plead guilty to the offenses, the imposition of consecutive sentences was unreasonable. Flowers' Brief at 11-15. Flowers also argues that the trial court erred by not focusing on Flowers' attempts in the last five or six years to "turn the corner" and abandon his life of crime. *Id.* at 15-16. Both of these allegations amount to a claim that the trial court did not give adequate weight to certain mitigating factors. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Swope*, 123 A.3d 333, 339, (Pa. Super. 2015); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015).

We recognize that a claim that the trial court failed to consider mitigating factors **in conjunction with** an excessiveness claim may present a substantial question so as to invoke our review. *See Caldwell*, 117 A.3d at 770. Flowers does not raise an excessiveness claim in conjunction with this allegation; he simply alleges that his sentence was unreasonable in light of these mitigating factors. Flowers' Brief at 12. Nevertheless, even if Flowers had specifically coupled this claim with an allegation of excessiveness, his claim would not succeed. The record reveals that the trial court did, in fact, take Flowers' familial background and upbringing into

account when sentencing Flowers. N.T., 3/21/14, at 13-14. The trial court also explicitly stated that took into consideration the argument made by Flowers' counsel, which emphasized the same aspects of Flowers' past that Flowers discusses in his brief on appeal. *See id.* at 6-10, 14; Flowers' Brief at 12-13. There is, therefore, no merit to this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015