J-S07021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRUCE WILLIAMS, JR. | |
| Appellant | No. 1036 MDA 2015 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000390-2012

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED MARCH 23, 2016**

Bruce Williams, Jr., appeals, *nunc pro tunc*, from the judgment of sentence entered December 19, 2013, in the York County Court of Common Pleas. Williams was sentenced to an aggregate term of 20 to 46 years' imprisonment after a jury found him guilty of third degree murder and carrying a firearm without a license[1] in the shooting death of Jesse Heverling. On appeal, Williams challenges the discretionary aspects of his sentence, the trial court's denial of his motion for reconsideration of sentence, and the weight of the evidence supporting his convictions. For the reasons that follow, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. §§ 2502(c) and 6106(a)(1), respectively.

The trial court provided a detailed summary of the facts underlying Williams' conviction in its Pa.R.A.P. 1925(a) opinion. *See* Trial Court Opinion, 7/17/2015, at 4-11. Suffice it to say that, on the evening of November 10, 2011, Williams shot Heverling following an altercation at a crack house on South Belvidere Street in York. The two eyewitnesses to the shooting both admitted to having consumed drugs or alcohol on the night in question, and initially provided false names to police.[2] Williams was subsequently arrested and filed a motion for decertification because he was 17 years old on the date of the crime. Following a hearing, his motion was denied. Williams was then charged, as an adult, with murder of the first, second and third degree, robbery, and carrying a firearm without a license.[3]

On March 7, 2013, Williams filed an omnibus pretrial motion, which the trial court denied following a hearing. In July of 2013, Williams filed a *pro se* petition writ of *habeas corpus*, and sought to remove counsel. Both requests were denied on August 2, 2013, following a hearing.

Williams' jury trial commenced on August 12, 2013. On August 15, 2013, the jury returned a verdict of guilty on the charges of third-degree

---

[2] A third witness, Elwood Gladfelter, testified that when Williams was his cellmate, Williams admitted he committed the crime. However, Gladfelter acknowledged that he was released early from prison in exchange for his testimony.

[3] *See* 18 Pa.C.S. §§ 2502(a)-(c), 3701(a)(1), and 6106(a)(1), respectively.

murder and carrying a firearm without a license. The jury found Williams not guilty of first and second-degree murder, and robbery. Williams was sentenced on December 19, 2013, to a term of 17 to 40 years' imprisonment for third-degree murder, and a consecutive term of three to six years' imprisonment for the firearms charge.

On December 30, 2013, Williams filed a post-sentence motion seeking (1) reconsideration of his sentence pursuant to the dictates of **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012),[4] and (2) modification of his sentence, based upon the trial court's failure to consider the specific facts underlying his prior convictions. On April 14, 2014, the trial court conducted a hearing on Williams' post-sentence motion. While the court granted reconsideration of his sentence, it denied his request for modification. Thereafter, Williams filed a direct appeal on May 15, 2014.

On July 24, 2014, this Court quashed Williams' appeal because it was untimely filed. Williams filed a *pro se* PCRA[5] petition on March 31, 2015,

---

[4] Specifically, Williams asserted that "in sentencing [him] to nearly the maximum sentence allowed by law, [the trial court] failed to take into consideration [his] age and the scientific findings made by the US Supreme court in **Miller v. Alabama**." Motion for Reconsideration of Sentence, 12/30/2013, at 1. In **Miller**, **supra**, the Supreme Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" and required a judge or jury to "consider mitigating circumstances before imposing the harshest possible penalty for juveniles." **Miller**, **supra**, 132 S. Ct. at 2469, 2475.

[5] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

asserting the ineffectiveness of trial counsel for failing to file a timely direct appeal. Counsel was appointed, and the Commonwealth agreed that Williams' appeal rights should be reinstated. On May 26, 2015, the trial court entered an order reinstating Williams' direct appeal, and instructing him to file a notice of appeal within 30 days. Williams complied with the court's directive, and this *nunc pro tunc* appeal followed.[6]

In his first issue on appeal, Williams challenges the discretionary aspects of his sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

---

[6] On June 19, 2015, the trial court ordered Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Williams complied with the court's directive and filed a concise statement on July 7, 2015.

In the present case, although Williams filed a timely appeal, and preserved his objection to his sentence in a post-sentence motion, he failed to include in his brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). This Court has explained:

> [W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the [Commonwealth] objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (internal citations omitted).

As noted above, Williams failed to include the requisite Rule 2119(f) statement in his brief. Moreover, the Commonwealth has objected to this omission. *See* Commonwealth's Brief at 8-10. Accordingly, we are precluded from considering this claim on appeal.[7] *Kiesel*, *supra*.

_____

[7] We note that even if Williams had preserved his sentencing claim, we would find he is entitled to no relief. His primary argument appears to be the trial court failed to consider Williams' age and maturity when it imposed a "nearly maximum sentence." Williams' Brief at 12. Williams asserts that, although the court considered his criminal history, it failed to take into consideration the facts of the prior charges. *Id.* at 13.

"A substantial question exists where an appellant 'advances a colorable argument that the trial court's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms

*(Footnote Continued Next Page)*

Next, in a related claim, Williams argues the trial court abused its discretion when it denied his motion for reconsideration of sentence. This claim appears to focus on the testimony presented during the April 14, 2014, hearing on Williams' post-sentence motion. Williams contends the court failed to "take into consideration all of the mitigating factors and the evidence presented by [him]." Williams' Brief at 15.

We are unable to discern how this issue differs from the first. Again, Williams challenges the discretionary aspects of his sentence. However, as explained *supra*, he failed to preserve this claim for our review by including

*(Footnote Continued)* ———————————————

underlying the sentencing process.'" ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). A claim that the trial court "refused to weigh the proposed mitigating factors as [the defendant] wished, absent more, does not raise a substantial question." ***Commonwealth v. Moury***, 992 A.2d 162, 175 (Pa. Super. 2010). Furthermore, where, as here, the trial court had the benefit of a presentence investigation report, we will presume it was "aware of all appropriate sentencing factors and considerations." ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted).

In the present case, the trial court explained that while it considered Williams' age at the time of the offense, and the testimony of the character witnesses he presented, it also took note of Williams' "rather extensive criminal history," and the "steady increase in the severity of his crimes coupled with his years spent in the juvenile system with no apparent change of behavior[.]" Trial Court Opinion, 7/17/2015, at 13, 14. Upon our review of Williams' argument, the trial court's opinion, and the transcript from the sentencing hearing, we would conclude Williams has failed to raise a substantial question for our review.

the requisite Pa.R.A.P. 2119(f) statement in his brief. Accordingly, this claim, too, is waived for our review.[8]

In his third issue, Williams claims the verdict is against the weight of the evidence. Specifically, he asserts the Commonwealth presented no physical evidence connecting him to the crime, and the eyewitnesses for the prosecution admitted to being under the influence of drugs or alcohol, lying to police, and providing inconsistent statements regarding the events on the night in question. *See* Williams' Brief at 16-17. He claims "these inconsistencies and discrepancies render the testimony of the witnesses incredible to the point that the jury's ultimate verdict shocks one's sense of justice." *Id.* at 17.

> It is well-settled that when reviewing a weight of the evidence claim,
>
> an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S. Ct. 1792 (U.S. 2014). For that reason, "[a] weight of the evidence

---

[8] We note that contrary to Williams' characterization, the trial court **did grant** his motion to **reconsider** his sentence, although the court ultimately declined to **modify** his sentence. *See* N.T., 4/14/2014, at 24. Indeed, after Williams filed his post-sentence motion, the trial conducted a hearing, and permitted Williams to present another witness. However, the court concluded the sentence it originally imposed was appropriate. *See id*. at 21-24.

claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) *(citations omitted)*. ***See*** Pa.R.Crim.P. 607.

Here, Williams neglected to challenge the weight of the evidence in his post-sentence motion, or during the subsequent hearing. Nor did he raise a challenge either prior to or during his sentencing hearing. ***See generally*** N.T., 9/13/2013. Therefore, this claim is waived for our review. Further, we note the fact that the trial court addressed this claim is of no moment; "[f]ailure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014), *quoting* ***Lofton***, ***supra***, 57 A.3d at 1273 (citation omitted).[9]

Because we conclude Williams has failed to preserve any issues for our review, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[9] ***See Thompson***, ***supra***, 93 A.3d at 490-491 (explaining that trial court never "ruled" on the issue when it addressed weight claim in its opinion; at that time, court was divested of jurisdiction and could not take further action).

At this juncture, Williams' only avenue for relief is a timely filed PCRA petition challenging trial counsel's ineffectiveness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2016