J-S63025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :               PENNSYLVANIA
                             :
           v.                      :
                             :
                             :
JEFFREY WAYNE TARPLEY, JR.     :
                             :
           Appellant        :      No. 403 WDA 2018

Appeal from the Judgment of Sentence March 1, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000472-2017,
CP-56-CR-0000493-2017

BEFORE:    OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:            **FILED OCTOBER 22, 2018**

Jeffrey Tarpley, Jr. (Appellant) appeals from the judgment of sentence imposed after he pled guilty to two counts of possession with intent to deliver.[1] We affirm.

The trial court summarized:

[Appellant] was identified as a suspect during a Pennsylvania State Police ("PSP") investigation into an overdose death that happened on March 3, 2017. The investigation determined that [Appellant] was part of the "chain of events" that led to [the victim's] death. On March 10, 2017, as part of the ongoing PSP investigation, [Appellant] was arrested for selling fentanyl to a PSP confidential informant.

Trial Court Opinion, 6/29/18, at 1 (citations to notes of testimony omitted).

On December 12, 2017, Appellant appeared before the trial court and pled guilty to the above crimes. On March 1, 2018, the trial court sentenced

_____

[1] 35 P.S. § 780-113(a)(30).

_____

* Former Justice specially assigned to the Superior Court.

Appellant to 6 to 14 years of incarceration. Appellant did not file a post-sentence motion. On March 13, 2018, Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN SENTENCING [APPELLANT], SUCH THAT THE LOWER COURT DID NOT CONSIDER APPELLANT'S INDIVIDUAL CIRCUMSTANCES IN FASHIONING THE SENTENCE AND THE SENTENCE IS UNFAIR.

Appellant's Brief at 28.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied*, 86 A.3d 231 (Pa. 2014).

Here, Appellant has failed to comply with first prong of the discretionary aspect test because he did not raise his sentencing issue at sentencing or in a post-sentence motion. His issue is therefore waived.

Pennsylvania Rule of Appellate Procedure 302 mandates that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (citation omitted). This Court has stated:

> [I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (internal citations omitted). ***See also Commonwealth v. Yockey***, 158 A.3d 1246, 1259 (Pa. Super. 2017), (*citing* Pa.R.Crim.P. 720; Pa.R.A.P. 302(a)) ("Appellant did not preserve his discretionary aspects of sentencing claim at sentencing or in a post-sentence motion. Therefore, the claim is waived.").

Our review of the record reveals that Appellant did not raise his sentencing issue with the trial court at sentencing. ***See*** N.T., 3/1/18, at 1-22. Also, Appellant failed to file a timely post-sentence motion.[2] Appellant

_____

[2] Appellant additionally failed to comply with the third prong of the discretionary aspect test because he failed to include a 2119(f) statement in his appellate brief. ***See Commonwealth v. Karns***, 50 A.3d 158, 168 n.9 (Pa. Super. 2012) ("It is well settled that 'when a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing

- 3 -

has not properly preserved his discretionary sentencing claim and the issue is waived. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018

---

guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f).'") (citations omitted). The Commonwealth has objected to Appellant's failure to include a Rule 2119(f) statement, which also mandates waiver of Appellant's sentencing claim. *See* Commonwealth Brief at 2-3, *see also Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (holding that the Superior Court is precluded from reviewing the merits of a discretionary aspects of sentencing claim when the appellant has failed to include a Rule 2119(f) statement, and the appellee has objected to the omission).