COMMONWEALTH of Pennsylvania,
Appellee

v.

Michael KIESEL, Appellant.

Superior Court of Pennsylvania.

Submitted May 17, 2004.
Filed June 29, 2004.

Joseph A. Ratasiewicz, Media, for appellant.

Vram Nedurian, Asst. Dist. Atty., Media, for Com., appellee.

Before: BENDER, BOWES and JOHNSON, JJ.

BENDER, J.

¶ 1 This is an appeal from a judgment of sentence imposed upon Appellant, Michael Kiesel, after he pled guilty to three counts of Involuntary Deviate Sexual Intercourse (IDSI) and two counts of Corruption of Minors, and pled no contest to two counts of Aggravated Indecent Assault. Appellant raises one issue on appeal: whether the trial court gave adequate weight to mental and emotional findings of psychiatrists and counselors when imposing the sentence? Since Appellant has failed to include a statement pursuant to Pa.R.A.P. 2119(f) and the Commonwealth has objected to the omission, we may not address the merits of the claim and, consequently, we affirm.

¶ 2 On November 29, 2001, a criminal complaint was filed against Appellant charging him with several counts of IDSI, Corruption of Minors and Aggravated Indecent Assault relating to his molestation of a 12–year old girl and an 11–year old girl. The crimes came to light when Appellant, while in prison on a different set of sexual abuse offenses committed against another minor victim, sent a letter to the 12–year old victim in the instant case.[1] The victim's mother read the letter and contacted the Delaware County District Attorney's Office and an investigation followed.

¶ 3 Appellant pled guilty and no contest to the above charges on October 24, 2002, and consequently he was sentenced, in the aggregate, to a minimum of ten years to a maximum of twenty years' imprisonment, followed by four years of probation. Appellant filed a timely motion to modify the sentence, which was denied on April 8, 2003. The present appeal followed.

¶ 4 Appellant contends that the trial court failed to give adequate weight to the mental and emotional findings of psychiatrists and counselors when imposing the sentence. Appellant does not claim that his sentence is illegal, but rather that it was an abuse of discretion. As such Appellant's challenge implicates the discretionary aspects of sentencing. With respect to appeals challenging the discretionary aspects of sentencing, the legislature has provided, at 42 Pa.C.S § 9781(b), the following:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

¶ 5 Pursuant to its authority to prescribe rules governing practice and procedure in the courts, the Supreme Court has promulgated rules to implement the above statutory provision. By a note accompanying Pa.R.A.P. 902 "Manner of Taking Appeal", the proper procedure to be followed in cases brought under 42 Pa.C.S § 9781(b) has been explained as follows:

> Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) provides that the defendant or the Commonwealth may file a "petition for allowance of appeal" of the discretionary aspects of a sentence for a felony or a misdemeanor. The notice of appeal under this chapter

---

1. Indeed, the offenses in the instant case were committed after Appellant had been sentenced on the previous case, but prior to reporting to prison to start serving the sentence on that case.

(see Rule 904) (content of the notice of appeal)) operates as the "petition for allowance of appeal" under the Sentencing Code. It automatically raises all possible questions under 42 Pa.C.S. § 9781 and is available and appropriate even where no issue relating to guilt or the legality of the sentence (in the sense that the sentence falls outside of the range of discretion vested by law in the sentencing court) is presented. No additional wording is required or appropriate in the notice of appeal.

In effect, the filing of the "petition for allowance of appeal" contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner.

¶ 6 Pa.R.A.P. 902 note. The procedure for filing the "petition for allowance of appeal" at the briefing stage is set forth in Pa.R.A.P. 2119(f) as follows:

> [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

¶ 7 Rule 2119(f) requires only a concise statement of the reasons Appellant believes entitle him to allowance of appeal. *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super.2000). The concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Id.* Additionally, the statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." *Id.* If the

statement meets these requirements, we can decide whether a substantial question exists. *Id.*

¶ 8 The seminal case discussing the mandatory nature of Rule 2119(f) statements is *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). There, the appellee pled guilt to violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–113(a)(16), (30), and was sentenced to pay a $1,000 fine and to serve five years' probation. The Commonwealth appealed. However, the Commonwealth failed to comply with Rule 2119(f) and the appellee argued "that the Commonwealth was required to set forth in a separate section of its brief reasons why its appeal should be granted." *Id.* at 19.

¶ 9 This Court rejected the appellee's argument and reviewed the Commonwealth's brief and arguments on the merits, and determined that a substantial question existed and allowed the appeal. *Id.* However, upon further appeal, the Supreme Court reversed, holding that it had been an error for this Court to consider the merits when the Commonwealth had failed to comply with Rule 2119(f). *Id.*

¶ 10 In the wake of *Tuladziecki*, this Court grappled with the mandatory nature of Rule 2119(f) and whether it is a procedural or jurisdictional requirement, *i.e.,* a fatal or waivable defect. In *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134, 137 (1987), a divided *en banc* court held that inclusion of a Rule 2119(f) statement was a procedural requirement. This Court's primary rational was based on the Supreme Court's decision in *Tuladziecki* to remand for resentencing because "[t]he Appellant properly preserved his challenge to this *procedural violation.*" *Id.* (emphasis added). To this Court, the quoted passage from *Tuladziecki* indicated that a failure by the appellee to object to

an omission of a 2119(f) statement constitutes a waiver of objection, permitting the court to overlook the omission and determine whether a substantial question has been presented for review. *Id.* at 138.

¶ 11 Although we concluded in *Krum* that an objection to a failure to comply with 2119(f) can be waived, the Supreme Court later held that the courts have the power to enforce compliance with Pa. R.A.P. 2119(f) *sua sponte. Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710, 713 (1989). The Supreme Court reasoned "that it is untenable to argue that a party, by not objecting to deficiencies in the opposing party's brief, has waived the court's right to receive a proper brief." *Id.*

¶ 12 Therefore, when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. *Id.* at 713–14. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied. *Tuladziecki,* 522 A.2d at 19, *Commonwealth v. Hunter,* 768 A.2d 1136, 1144 (Pa.Super.2001); *Commonwealth v. Rodriquez,* 449 Pa.Super. 319, 673 A.2d 962, 968 (1996); *Commonwealth v. Shartle,* 438 Pa.Super. 403, 652 A.2d 874, 875 (1995); *Commonwealth v. Birdseye,* 432 Pa.Super. 167, 637 A.2d 1036, 1044 (1994).

¶ 13 An examination of the Appellant's brief reveals that he has failed to include a Rule 2119(f) statement. Moreover, the Commonwealth has objected to the Appellant's omission. Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omis-

sion, this Court may not review the merits of the claim, and we deny allowance of appeal.

¶ 14 Judgment of sentence affirmed.