J-S56024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JUSTIN TYRONE BAXTER | |
| Appellant | No. 1752 MDA 2015 |

Appeal from the Judgment of Sentence March 24, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000913-2014
CP-22-CR-0005089-2014

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 26, 2016**

Appellant, Justin Baxter, appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after a jury convicted him of aggravated assault,[1] carrying a firearm without a license,[2] persons not to possess a firearm,[3] and simple assault by physical menace.[4] We affirm.

The trial court summarized the factual history as follows.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).
[2] 18 Pa.C.S.A. § 6106(a)(1).
[3] 18 Pa.C.S.A. § 6105(a)(1).
[4] 18 Pa.C.S.A. § 2701(a)(3).

Dion Dickens testified that he was inside 1611 Thompson Street when he heard loud voices outside arguing. He went outside and saw his daughters, Monique and Tiana, as well as Joseph Payne-Casiano, Baxter and Michael Gelsinger near a parked car. After telling Payne-Casiano and Baxter to stop arguing, Dion saw Baxter go behind a vehicle and heard the "cocking" of a gun. Dion then saw Baxter return from behind the car with his hand on a gun tucked into his pants. After Baxter returned brandishing the gun, Gelsinger told him that "we can light this street up" while displaying a gun tucked into his pants. The initial altercation subsided with Payne-Casiano and Gelsinger returning to their car, and Baxter walking away down toward his house on the right side of the roadway. Dion witnessed the car driven by Payne-Casiano slowly drive toward Baxter, saw Gelsinger reach out of the passenger window and fire multiple shots toward Baxter, who at the time was adjacent to the vehicle on Gelsinger's side. Dion then saw Baxter fire shots back toward Payne-Casiano and Gelsinger.

Monique Dockens also testified that an initial altercation between Payne-Casiano, Gelsinger and Baxter occurred outside of her house. She testified that at some point she heard Baxter cock something and then saw him display a gun.

\*\*\*

Trial Court Memorandum, 7/28/15, at 1-2.

The trial court sentenced Baxter to an aggregate term of 9½ to 19 years' imprisonment. Baxter's post-trial motion for reconsideration was denied. This timely appeal followed.

On appeal, Baxter raises two issues for our review. In his first issue, Baxter contends that his aggravated assault conviction is against the weight of the evidence. In his second issue, Baxter challenges discretionary aspects of his sentence. Specifically, Baxter argues that the trial court erred in imposing consecutive sentences for his aggravated assault and carrying a firearm without a license convictions.

- 2 -

We will first address Baxter's weight of the evidence claim.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Orie***, 88 A.3d 983, 1015-1016 (Pa. Super. 2014)

(citation omitted).

- 3 -

After reviewing the record, we discern no abuse of discretion in the court's assessment of the credibility of the witnesses or weight of the evidence at trial. Thus, we conclude that Baxter's first issue merits no relief.

We now turn to Baxter's second issue, in which he challenges the discretionary aspects of his sentence. We note that an appellant's right to appeal the discretionary aspects of his sentence is not absolute. *See* ***Commonwealth v. Shugars***, 895 A.2d 1270, 1274 (Pa. Super. 2006). Rather, an appellant must first file a "petition for allowance of appeal." 42 Pa.C.S.A. § 9781(b). An appellate court may grant allowance of the appeal "where it appears that there is a substantial question that the sentence imposed is not appropriate under … [the sentencing guidelines]." ***Id***. The procedure for filing this petition is set forth in Pa.R.A.P. 2119(f), which provides as follows.

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Here, Baxter failed to include a separate Rule 2119(f) statement in his brief. The Commonwealth objected to Baxter's omission. Because Baxter failed to comply with Rule 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of Baxter's claim. ***See***

***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004).[5]

Accordingly, we deny allowance of appeal.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016

---

[5] Even if Baxter had included a Rule 2119(f) statement in his brief, we would not have reached the merits of his appeal because the issue he raised failed to present a substantial question. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) ("[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most *extreme* circumstances….") (emphasis added). That is simply not the case here.