J-S95036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD CZAPLICKI, | : | |
| | : | |
| Appellant | : | No. 116 EDA 2016 |

Appeal from the Judgment of Sentence August 6, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0005061-2012

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 23, 2017**

Edward Czaplicki ("Czaplicki") appeals from the judgment of sentence entered following his conviction of three counts of criminal conspiracy, two counts of robbery, and one count each of burglary and aggravated assault.[1] We affirm.

In its Opinion, the trial court summarized the facts underlying the instant appeal, which we incorporate herein by reference. *See* Trial Court Opinion, 7/19/16, at 1-3.

Following a jury trial, Czaplicki was convicted of the above-described crimes.  The trial court sentenced Czaplicki to an aggregate prison term of 20 to 40 years.  Czaplicki filed a Post-Sentence Motion, which the trial court denied.  Thereafter, Czaplicki filed the instant timely appeal, followed by a

---

[1] 18 Pa.C.S.A. §§ 903, 3701, 3502, 2702.

court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained

of on Appeal.

Czaplicki presents the following claims for our review:

A.    Was the evidence presented at trial sufficient to establish guilt beyond a reasonable doubt on any of the counts of which [Czaplicki] was convicted?

B.  Was the evidence presented at trial against the weight of the evidence to establish guilt beyond a reasonable doubt on any of the counts of which [Czaplicki] was convicted?

C.  Did not the trial court err by allowing into evidence irrelevant and overly prejudicial testimony that [Czaplicki] was an alleged member of the Pagan Motorcycle Club[,] and did not the trial court err by allowing into evidence testimony about men with motorcycle jackets and patches at the courthouse during the preliminary hearing?

D.    Did not the trial court err in allowing into evidence as substantive evidence complainant Mark Smith's [("Smith")] statement to police?

E. Did not the trial court impose an excessive sentence[,] and abuse [the] discretionary aspects of sentenc[ing,] by departing from the guidelines[,] … entering a consecutive sentence[,] and failing to properly weigh [Czaplicki's] poor health, positive work history an[d] position in the community, *etc.*?

Brief for Appellant at 7.

Czaplicki first challenges the sufficiency of the evidence underlying his

convictions.  *Id.* at 9.  Specifically, Czaplicki claims that the Commonwealth

failed to establish that he was present in the house during the robbery,

"which was committed by two young white males wearing masks and/or

hoodies, and because [Czaplicki] was never seen in the getaway truck[.]"

*Id.*

- 2 -

In reviewing a challenge to the sufficiency of the evidence,

[t]he standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-51 (Pa. Super. 2013) (citation omitted).

In its Opinion, the trial court addressed this claim and concluded that the evidence was sufficient to establish Czaplicki's guilt based upon accomplice liability. *See* Trial Court Opinion, 7/19/16, at 8-9; *see also id.* at 6-7 (setting forth the evidence as to each particular crime charged). The trial court additionally found the evidence sufficient to sustain Czaplicki's conviction as a conspirator in the commission of the crimes. *See id.* at 9. The trial court's findings are supported by the record, and its legal conclusions are sound. We therefore affirm on the basis of the trial court's Opinion with regard to this claim. *See id.* at 6-9.

Czaplicki next challenges the verdicts as against the weight of the evidence. Brief for Appellant at 9. Czaplicki again challenges the lack of an identification of him as one of the perpetrators. *Id.*

As our Supreme Court has explained,

> [t]he decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. *Commonwealth v. Cousar*, 593 Pa. 204, 928 A.2d 1025, 1033, 1036 (Pa. 2007). Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." *Commonwealth v. Rivera*, 603 Pa. 340, 983 A.2d 1211, 1225 (Pa. 2009). An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Champney*, 574 Pa. 435, 832 A.2d 403, 408 (Pa. 2003). Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Diggs*, 597 Pa. 28, 949 A.2d 873, 879 (Pa. 2008).

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016).

In its Opinion, the trial court addressed Czaplicki's second claim and concluded that it lacks merit. *See* Trial Court Opinion, 7/19/16, at 2 (setting forth the evidence identifying Czaplicki as the owner/driver of the Ford F-150 pickup truck that transported the victim's assailants from the scene), 6-10 (setting forth the evidence supporting the verdicts, and addressing in particular Czaplicki's challenge to the weight of the evidence). We agree with the reasoning of the trial court, as set forth in its Opinion and discern no abuse of discretion in this regard. *See id.* at 2, 6-10. We therefore

affirm on the basis of the trial court's Opinion with regard to this claim. *See id.*

In his third claim, Czaplicki argues that trial court improperly admitted testimony regarding his membership in the Pagan Motorcycle Club, and the presence of men at the courthouse during the preliminary hearing, who were wearing wearing motorcycle jackets and patches. Brief for Appellant at 15. Czaplicki argues that "the erroneously admitted evidence was essentially that [Czaplicki] is a member of the Pagan[] Motorcycle gang and that he employed several Pagan thugs to intimidate witnesses." *Id.* Czaplicki argues that such evidence was inflammatory and prejudicial. *Id.*

In its Opinion, the trial court set forth the relevant law, addressed this claim, and concluded that it lacks merit. *See* Trial Court Opinion, 7/19/16, at 12-15. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Czaplicki's third claim. *See id.*

In his fourth claim, Czaplicki argues that the trial court improperly admitted as substantive evidence the victim's statement to police. Brief for Appellant at 16. Czaplicki argues that at trial, Smith testified that he had no independent recollection of the events or of a statement he made to police two weeks after the shooting. *Id.* Czaplicki contends that the trial court abused its discretion by admitting the contents of Smith's statement to police as substantive evidence. *Id.*

The trial court set forth the relevant law in its Opinion, addressed this claim, and concluded that it lacks merit. *See* Trial Court Opinion, 7/19/16, at 10-12. We affirm on the basis of the trial court's well-reasoned Opinion with regard to this claim. *See id.*

In his fifth claim, Czaplicki challenges the discretionary aspects of his sentence. Brief for Appellant at 16. Czaplicki specifically challenges the trial court's imposition of a consecutive sentence, and its failure to credit mitigating circumstances as to his remorse, lack of significant criminal offenses in the last 30 years, work history, health and position in the community. *Id.* Czaplicki claims that the sentence is "especially unreasonable in light of the fact that [he] was never accused of actually possessing any weapon, entering any house, or of actually carrying out the actual home invasion robbery." *Id.* at 16-17. According to Czaplicki, the trial court's sentence is, in effect, a life sentence. *Id.* at 17.

A claim that the trial court failed to consider mitigating factors implicates the discretionary aspects of one's sentence. *Commonwealth v. Raven*, 97 A.3d 1244, 1252 (Pa. Super. 2014). A challenge to the discretionary aspects of one's sentence must be treated as a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Id.* When considering an appellant's challenge to the discretionary aspects of his sentence, we conduct a four-part analysis to determine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Czaplicki timely filed a post-sentence Motion and Notice of Appeal. However, Czaplicki's appellate brief fails to include the requisite statement of reasons relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f), and the Commonwealth has objected to this deficiency. "Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim[.]" ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004). We therefore affirm Czaplicki's judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017

---

[2] Even if Czaplicki had included the required Rule 2119(f) statement, we would conclude that his claim lacks merit for the reasons stated in the trial court's Opinion. ***See*** Trial Court Opinion, 7/19/16, at 16-19.

- 7 -