J-A27009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAREENA JOACHIM | : | |
| | : | |
| Appellant | : | No. 3400 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002547-2016

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 18, 2019**

Shareena Joachim appeals from the judgment of sentence of twelve-and-one-half to twenty-five years of incarceration, imposed following her guilty plea to voluntary manslaughter, conspiracy, and possession of an instrument of crime ("PIC"). We affirm.

At 6:30 p.m. on April 7, 2015, ten-year-old S.G. told Aleathea Gillard, his mother, that a homeless man, named Robert Barnes ("victim"), had hit him and called him a racial slur while he was riding his bike by a Sunoco gas station in northwest Philadelphia. Appellant armed herself with mace and, accompanied by her friends, Gillard and Kaisha Duggins, and three children, got into Gillard's van in order to drive to the gas station to confront the victim.

---

[*] Retired Senior Judge assigned to the Superior Court.

At 6:40 p.m., Appellant and her friends arrived at the gas station, where the victim was still present, and exited the vehicle. Gillard began to hit the victim repeatedly with a wooden chair leg, while Duggins struck him with a hammer. The juvenile co-defendants also participated in the beating. Appellant attempted to mace the man; however, she accidentally maced one of the juveniles instead. Although multiple witnesses yelled at the defendants to stop, and the victim had been knocked to the ground, the beating continued. Eventually, Appellant and her co-defendants returned to their vehicle and drove away, leaving the victim bleeding on the ground.

The victim was rushed to Albert Einstein Medical Center where he underwent brain surgery. Upon transfer to a nursing home, the victim's physical condition continued to deteriorate. On November 25, 2015, approximately seven months after the incident, the victim died. Autopsy results revealed that the victim suffered brain hemorrhages, contusions to both eyes, a fractured left orbital bone, a fractured nasal bone, and blunt impact injury to the torso. The Montgomery County Medical Examiner's Office determined that the cause of death was complications following blunt impact injury to the head and that the manner of death was homicide.

During the investigation, video surveillance from the gas station revealed that the victim was unarmed and had no interactions with Appellant or any of her co-defendants prior to being assaulted. Additionally, footage from earlier that day uncovered the fact that the victim had never had any

contact with S.G. Appellant and her co-defendants signed statements admitting to their roles in the attack.

On January 29, 2018, Appellant entered a guilty plea to the aforementioned charges. In exchange for her guilty plea, the Commonwealth *nolle prossed* charges of attempted murder, simple assault, and recklessly endangering another person. Since there was no agreement as to Appellant's sentence, the trial court postponed sentencing so that a presentence investigation ("PSI") report and mental health evaluation could be completed.

On June 29, 2018, Appellant appeared for sentencing. The sentencing court ordered Appellant to serve ten to twenty years of incarceration for voluntary manslaughter, a consecutive two and a half to five years of incarceration for PIC, and a concurrent ten to twenty years of incarceration for conspiracy. Appellant received the statutory maximum terms of incarceration at each conviction. In the aggregate, Appellant's sentence was twelve-and-one-half to twenty-five years of incarceration.

Appellant filed a motion to reconsider her sentence due to her established mental health history, zero prior record score, limited role in the conspiracy, acceptance of responsibility, and remorse. The motion was denied and this timely appeal followed. The trial court issued its Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issue for our review: "Whether the sentence issued was reasonable under Pennsylvania statutes and case law

when the sentencing court departed upward almost two multiples from the applicable sentencing guidelines."  Appellant's brief at 5.

Appellant challenges the discretionary aspects of her sentence.  As such, the following principles apply to our consideration of whether review of the merits of her claims are warranted.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right.  Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction.  We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Although Appellant filed a timely notice of appeal preserving the issue in her post-sentence motion, her appellate brief does not contain a statement of reasons relied upon for allowance of appeal, and the Commonwealth has objected to its absence.  **See** Commonwealth's brief at 5.  Therefore, we may not reach the merits of Appellant's discretionary-aspects claim.  **See**, **e.g.**, ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) ("Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth

objected to the omission, this Court may not review the merits of the claim, and we deny allowance of appeal.").[1]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/19

---

[1] Even if Appellant had included a separate Pa.R.A.P. 2119(f) statement she would not be entitled to relief. In fashioning the individualized sentence that Appellant received, the court considered the PSI report, mental health evaluation, arguments made by the prosecutor and defense, Appellant's zero prior record score, mental health history, and her own allocution accepting responsibility and expressing remorse. N.T. Sentencing, 6/29/18, at 114-16. The court exercised its discretion when imposing the sentence, weighing the relevant factors and finding that the mitigating factors were outweighed by various aggravating circumstances. We have no license to reweigh the mitigating circumstances and, therefore, would have affirmed Appellant's judgment of sentence on this basis. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009).