J-S20033-20; J-S20034-20; J-S20035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY CHRISTOPHER MALONEY | : | |
| | : | |
| Appellant | : | No. 2085 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 30, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000088-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY CHRISTOPHER MALONEY | : | |
| | : | |
| Appellant | : | No. 2086 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 30, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000140-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY CHRISTOPHER MALONEY | : | |
| | : | |
| Appellant | : | No. 2087 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 30, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000228-2018

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: July 30, 2020

Henry Christopher Maloney appeals from the judgment of sentence entered following his jury trial convictions for access device fraud (transfer to another), access device fraud (device issued to another person who has not authorized use), identity theft, receiving stolen property, flight to avoid apprehension, possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana.[1] Maloney was charged at three separate docket numbers, and the court granted the Commonwealth's motion to join the cases for trial. Maloney challenges the joinder, and also claims that the court abused its discretion when imposing sentence and that the verdict was against the weight of the evidence. We affirm.

In November 2017, Edward Gavalla reported his wallet and credit cards stolen from his vehicle. N.T., 3/20/2019, at 45. The police discovered that an individual had used one of the cards to make unauthorized purchases in at least one location, a Turkey Hill convenience store. The victim had not authorized anyone to enter his vehicle, take his credit card, or use his credit card. *Id.* 53. The Turkey Hill store, which was located one block from where the car had been parked, had multiple surveillance cameras and a transaction journal, which showed the disputed charges. *Id.* at 58, 65-71. An associate

---

[1] 18 Pa.C.S.A. §§ 4106(a)(2), 4106(a)(1)(ii), 4120, 3925, 5126(a), and 35 P.S. §§ 780-113(a)(16), 780-113(a)(32), and 780-113(a)(31), respectively.

of Maloney's, Christine Lee, met Maloney at the Turkey Hill. *Id.* at 91. She made purchases in the store with a credit card Maloney provided. *Id.* at 93-95.

Pennsylvania State Police Trooper Ryan Kearney initiated charges against Maloney related to the stolen credit card and arrested Maloney in February 2018. *Id.* at 124. Maloney was released on bail, with a preliminary hearing set for March 2018. *Id.* at 129-30, 133. Maloney did not appear, and the court issued a bench warrant for his arrest. *Id.* at 130-31, 133-34.

State police went to Maloney's residence to execute an arrest warrant and Maloney's neighbor, David Goble, Jr., heard a noise and saw Maloney climb out of a rear window of Maloney's residence. *Id.* at 164. Maloney asked Goble not to tell the police. *Id.* at 166-67. Goble's wife yelled toward the police and pointed the police in Maloney's direction. *Id.* at 168. The police, however, did not apprehend Maloney that day. N.T., 3/21/19, at 23. Maloney called the police barracks and told them he had fled to New Jersey. *Id.*

Trooper Daniel Nilon arrived at Maloney's home in April 2018 to serve the arrest warrant, found Maloney in the home, and arrested him. *Id.* at 50-53. The troopers searched Maloney and discovered 12 to 13 packets of heroin and a small bag of marijuana. *Id.* at 55-56.

The police charged Maloney in three separate informations. The first charged Maloney with access device fraud, as both a felony and misdemeanor, identity theft, and receiving stolen property ("access device fraud docket"). The second information charged him with flight to avoid apprehension, trial or

punishment ("flight docket"). A third criminal information charged him with possession of a controlled substance, possession of a small amount of marijuana, and possession of drug paraphernalia ("drug possession docket"). The Commonwealth moved to join the three dockets for trial, and the trial court granted the motion.

In March 2019, the court held a jury trial. During its opening statement, the Commonwealth stated:

> First an arm and then a leg and then [Maloney's] lean, wiry body escaped the window at the back of [his residence]. His feet hit the ground. His voice calls out to his back neighbor something like 'Don't tell the cops. I've got warrants.' And with that [Maloney] runs off into the woods of Pike County to continue his life of scheming, running and drugging until finally the State Police can apprehend him and the gig is up. And the next few days we're here about the path of [Maloney] and the maze of illegal behavior of scheming, drugging and running from the law.

N.T., 3/20/19, at 30.

> During its closing argument, the Commonwealth argued:

> When I stood before you at the beginning of [t]rial yesterday I put up the window and what this case represents is two sides. On the one side of that window there was this scheme, the drug addict and the runner, and just like in this Courtroom here close to you, sitting next to you, testifying before you and on the other side of that window back in March are law enforcement.

N.T., 3/21/19, at 113. It further argued:

> [W]hen you begin your deliberations . . . work your way back because I would suggest to you when you deliberate in this case where you begin with the drug possession and that the conclusions that you can make based on that which I would suggest to is that [Maloney] possessed this Heroin

and possessed the packets of paraphernalia which housed
that powder and possessed the baggie of marijuana . . . .

*Id.* at 115. In addition, the Commonwealth argued that flight from police: "shows you more about the nature of that man, the nature of what he's up to so he can stay out there, keep using heroin, keep scheming to get by." *Id.* at 120.

The jury found Maloney guilty as above. In May 2019, the trial court imposed an aggregate sentence of 76 to 176 months' incarceration. This sentence included 18 to 36 months' incarceration for the felony access device fraud conviction; 18 to 36 months' incarceration for the identity theft conviction; 16 to 32 months' incarceration for the misdemeanor access device fraud conviction; nine to 18 months' incarceration for the receiving stolen property conviction; 18 to 60 months' incarceration for the flight conviction; six to 12 months' incarceration for the possession of a controlled substance conviction; 15 to 30 days' incarceration for the possession of a small amount of marijuana conviction; and six to 12 months' incarceration for the possession of drug paraphernalia conviction. The sentences for the receiving stolen property, possession of a small amount of marijuana, and possession of drug paraphernalia convictions were to be served concurrently to the other sentences. The remaining sentences were consecutive.

Maloney filed a post-sentence motion, seeking reconsideration of the sentence and arguing the verdict was against the weight of the evidence. The trial court denied the motion, and Maloney filed a timely notice of appeal.

Maloney raises the following issues on appeal:

> 1) The trial court erred or otherwise abused its discretion in joining the above captioned three matters for trial.
>
> 2) The trial court erred or otherwise abused its discretion in granting the Commonwealth's motion for joinder.
>
> 3) The trial court erred or otherwise abused its discretion in denying [Maloney's] post sentence motion.
>
> 4) The trial court erred or otherwise abused its discretion in denying [Maloney's] motion for reconsideration of sentence.
>
> 5) The trial court erred or otherwise abused its discretion in denying [Maloney's] post sentence motion for a new trial.
>
> 6) The trial court erred or otherwise abused its discretion in denying [Maloney's] post sentence motion as the verdict was against the weight of the evidence.

Maloney's Br. at 10 (unnecessary capitalization omitted).

In his first two issues, Maloney argues that the trial court erred in granting the Commonwealth's motion to join the cases for trial. Maloney claims that the evidence as to each offense would not have been admissible in a separate trial and would not be capable of separation by the jury, and that the November 2017 and April 2018 offenses were not the same act or transaction. He argues that evidence of one crime is inadmissible against a defendant being tried for another crime, unless it qualifies for one of a limited number of exceptions, which do not apply here. He argues that the "case does not present a set of facts that indicates that no one other than Mr. Maloney was likely to have committed all three separate instances of crimes." Maloney's Br. at 15. He further argues that there was "no high correlation of the crimes nor an unusual or distinctive device of crimes as to be like Mr. Maloney's signature." *Id.* Maloney reasons that the offenses are not the same

- 6 -

act or transaction, claiming they are "not the same class of crimes nor a string of the same acts." *Id.* at 17.

Maloney claims he was prejudiced by the joinder, noting the Commonwealth's opening statement and closing argument. He claims that the Commonwealth argued that the jury should look at the cases in reverse chronological order, and "sought to emphasize this prejudice by stating in essence that Mr. Maloney is a 'drugger' and therefore, schemes and runs from the law." *Id.* at 19. He claims that the jury convicted Maloney of the charges related to the stolen wallet "because the Commonwealth argued that because he was found with heroin [in April 2018] he had a propensity to commit thefts." *Id.*

We review a trial court's decision to grant a motion to join for trial offenses charged in separate informations for an abuse of discretion. **Commonwealth v. Thomas**, 879 A.2d 246, 260 (Pa.Super. 2005) (citing **Commonwealth v. Collins**, 703 A.2d 418, 422 (Pa. 1997)).

Pennsylvania Rule of Criminal Procedure 582 governs the joinder of separate informations for trial and provides:

> (1) Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

When offenses are not based on the same act or transaction, courts apply the following test to determine whether joinder is proper:

> [W]hether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Thomas***, 879 A.2d at 260 (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 497 (Pa. 1988)).

Evidence of other crimes or bad acts is not admissible to prove that the defendant acted "in conformity with those acts or to demonstrate a criminal propensity." ***Commonwealth v. Brown***, 52 A.3d 320, 325 (Pa.Super. 2012); Pa.R.Evid. 404(b). The evidence, however, may be admissible for another purpose such that an exception to the rule would apply. ***Brown***, 52 A.3d at 325. One exception is that evidence of prior bad acts is admissible to establish motive. ***Id.*** at 326 (citing ***Commonwealth v. Billa***, 555 A.2d 835, 840 (Pa. 1989)). A second exception, sometimes referred as the *res gestae* exceptions, permits the admission of bad acts evidence in "situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development." ***Id.*** (quoting ***Billa***, 555 A.2d at 840). In other words, "admission of distinct crimes may be proper where it is part of the history or natural development of the case." ***Id.*** (citing ***Commonwealth v. Sherwood***, 982 A.2d 483, 497 (Pa. 2009)).

Here, the trial court concluded that the evidence of each offense would be admissible in separate trials, and was capable of separation by the jury without danger of confusion. The court reasoned that the charges on the access device fraud docket and drug possession docket established motive for the charges on the flight docket:

> The charges levied against [Maloney on the access device fraud docket] provide both motive and insight as to his state of mind in regard to his flight from law enforcement as charged in [the flight docket]. The charges levied in [the drug possession docket] may also tend to show [Maloney's] motive to commit the crimes alleged in both [the access fraud and flight dockets].

1925(a) Op. at 6. The court further found that the admission of the evidence did not prejudice Maloney and that the jury could separate the evidence:

> [T]he benefits of judicial economy far outweighed any prejudice endured by [Maloney], since empaneling a jury for three separate trials when the evidence in each would be admissible in all others represents a paradigm of inefficiency and waste of resources. There being no indication that the charges levied against [Maloney] in every case would be confused by a single jury.

*Id.*

The trial court did not abuse its discretion. The evidence of each of the crimes was admissible in a trial for the other charges. The access device and drug charges were admissible to establish the motive for the flight charges, and the flight charges were admissible to show consciousness of guilt of the prior access device charges. Moreover, the entire series of events was admissible in a trial on each docket to tell the complete sequence of events or

- 9 -

chain of actions. Further, the jury could easily separate the evidence. In addition, Maloney was not prejudiced by the joinder, or by the Commonwealth's reliance on the admissible evidence.

Maloney next argues that the court abused its discretion when it imposed sentences at the top end of the standard range and imposed them consecutively. He maintains the sentence of 76 to 176 months' incarceration is excessive in light of the criminal conduct at issue.

Maloney challenges the discretionary aspects of his sentence. Before addressing the merits of his claim, we must determine whether (1) the appeal is timely; (2) the appellant preserved the issue in a post-sentence motion or at sentencing; (3) the brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) the appellant raised a substantial question. ***Commonwealth v. Edwards***, 194 A.3d 625, 636 (Pa.Super. 2018).

Maloney filed a timely notice of appeal and preserved the issue in a post-sentence motion. Maloney, however, failed to include in his brief a concise statement of the reasons relied upon for allowance of appeal. The Commonwealth objected to this failure. Therefore, we cannot review this claim. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004).[2]

In his final two claims, Maloney argues that the court erred in denying his motion for a new trial, allegedly because the verdict was against the weight

---

[2] The certified record does not contain the transcript of the sentencing hearing.

of the evidence. He argues that the jury found Maloney not guilty of theft from a motor vehicle, thereby finding he did not take credit cards from the motor vehicle, and therefore could not find him guilty of access device fraud, which required use of the credit cards. Maloney's Br. at 24.

Although framed as a claim that the verdict is against the weight of the evidence, in the argument section of his brief Maloney attempts to challenge his conviction for access device fraud as inconsistent with his acquittal of theft of a motor vehicle. This issue presents a question of law, to which we apply a *de novo* standard of review. **Commonwealth v. Moore**, 103 A.3d 1240, 1244 (Pa. 2014).

"[A] defendant may not challenge his conviction on one count when it is inconsistent with the jury's verdict of acquittal on another count." **Id.** at 1246. This is because, in such a case, although a jury conviction establishes that the jury found each element of a crime beyond a reasonable doubt, no such factual inference can be made by a jury's acquittal. **Id.**; **see also id.** at 1242, 1250 (affirming conviction of possessing instrument of crime despite jury's acquittal of murder following self-defense claim). Thus, here, we cannot infer from the jury's acquittal on the theft from a motor vehicle charge that the evidence at trial failed to meet any element of that offense, or allow such an inference to undermine the jury's conclusion that the evidence did meet each element of access device fraud.

Maloney does not develop an argument that the verdict was against the weight of the evidence in his appellate brief, and therefore has waived this

claim. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa.Super. 2015).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/20