J-A24015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :              PENNSYLVANIA
                                           :
           v.                                :
                                           :
                                           :
GERARDO CANONGO, JR.         :
                                           :
          Appellant             :    No. 485 EDA 2022

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  53 CR 2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED FEBRUARY 22, 2023**

Gerardo Canongo, Jr. ("Appellant") appeals from the judgment of sentence of 15 to 30 months' imprisonment, followed by 3 years' probation, imposed after he pled guilty to one count of driving under the influence ("DUI").[1]  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

On November 25, 2019, Appellant was arrested for DUI following a traffic stop.  A criminal information was filed on February 21, 2020, charging Appellant with DUI and one count each of the following summary offenses: driving an unregistered vehicle;[2] driving while license suspended with blood

---

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 1301(a).

alcohol content of .02% or greater;[3] careless driving;[4] fraudulent use/removal of plate;[5] reckless driving;[6] and restrictions on alcoholic beverages.[7] On August 4, 2021, Appellant pled guilty to DUI, his fourth offense within ten years, with all other charges to be *nolle prossed*. A sentencing hearing was held on December 13, 2021, at which the court imposed Appellant's sentence of 15 to 30 months' incarceration, followed by a 3-year consecutive period of probation. Appellant filed a timely post-sentence motion for reconsideration, which was denied; however, the court indicated that the sentencing order shall reflect that Appellant was entitled to a time credit of 21 days. **See** Trial Court Order, 1/13/22 (single page).

On February 11, 2022, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court filed its Rule 1925(a) opinion on March 18, 2022. Herein, Appellant presents the following questions for our review:

> I. Did the trial court abuse its discretion by sentencing … Appellant to a fifteen (15) to thirty (30) month state sentence, followed by three (3) years['] probation, because of its own concern for treatment, where Appellant may or

---

[3] 74 Pa.C.S. § 1543(b)(1)(1.1).

[4] 75 Pa.C.S. § 3714(a).

[5] 75 Pa.C.S. § 7124.

[6] 75 Pa.C.S. § 3736(a).

[7] 75 Pa.C.S. § 3908(a).

may not be accepted into the new [s]tate [d]rug [t]reatment [p]rogram, and said sentence was given because that length of sentence was suggested to the [c]ourt as giving … Appellant a better chance to be placed in the program?

II.  Did the trial court abuse its discretion by sentencing … Appellant to a fifteen (15) to thirty (30) month state sentence, followed by three (3) years['] probation, because [Appellant] had a prior record … score [of] three, two points of which were DUI[-]related, [and where] Appellant avers that the intent of the Legislature, when the Legislature has made the mandatory minimum for said offense ten days, was that the suggested standard guideline range did not need to be adhered to because there was specific DUI sentencing guidelines?

Appellant's Brief at 6.

Appellant does not contend that his sentence is illegal but, rather, that it was an abuse of discretion. As such, Appellant's challenge implicates the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determined: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotation marks omitted). In accordance with Rule 2119(f), "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter **shall** set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f) (emphasis added).

While Appellant filed a timely notice of appeal and properly preserved his claims in his post-sentence motion, he failed to include a concise Rule 2119(f) statement in his appellate brief. It is well-established that when an appellant fails to include a Rule 2119(f) statement and the appellee has not objected, we may ignore the omission. ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004). "However, this option is lost if the appellee objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied." ***Id.*** (citing ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987)). Here, the Commonwealth has expressly objected to Appellant's failure to include a Rule 2119(f) statement in his brief. ***See*** Commonwealth's Brief at 2, 6.

Because Appellant failed to comply with Rule 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of Appellant's claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2023