J-S38011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :               PENNSYLVANIA
                                                      :
                    v.                                  :
                                                      :
                                                      :
MICHAEL ALLEN KEINER                :
                                                      :
              Appellant                   :     No. 1238 EDA 2022

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000607-2020

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                   **FILED MARCH 28, 2023**

Michael Allen Keiner ("Keiner") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

Given our disposition, a detailed factual and procedural recitation is unnecessary.  Briefly, on May 21, 2021, Keiner entered an open guilty plea to theft by deception, graded as a felony of the third degree, in connection with multiple charges filed against him in relation to an incidence of home improvement fraud.[1]  The Commonwealth agreed to dismiss the remaining charges.  The matter proceeded to a sentencing hearing at which the trial court noted that the maximum sentence for the offense is seven years in prison.  However, despite Keiner's lengthy prior record, including an extensive history of home improvement fraud, the trial court imposed a sentence of

_____

[1] *See* 18 Pa.C.S.A. § 3922(a)(1).

three years of probation, which was below the mitigated range of the sentencing guidelines. The trial court's sentencing decision was based solely on Keiner's representation that he had the money to reimburse the victim. *See* Trial Court Opinion, 7/26/22, at 2-3. Accordingly, the court imposed the condition that Keiner fully reimburse the victim by paying $500 every thirty days until the amount of $4,000 in restitution had been paid in full. The court imposed the additional condition that Keiner was precluded from working in the home improvement field in any capacity while under supervision.

On April 1, 2022, the trial court conducted a probation violation hearing based on allegations that Keiner had committed technical violations of his probation by failing to pay restitution and working in the home improvement field. At the hearing, it was undisputed that Keiner had failed to make any restitution payments to the victim, advertised home improvement services in a Facebook post, and had been working for a landscaping company. At the conclusion of the hearing, the court revoked Keiner's probation and sentenced him to three and one-half to seven years in prison, and ordered him to pay restitution in the amount of $4,000. Keiner filed a post-sentence motion challenging the discretionary aspects of his sentence which the revocation court denied. Keiner thereafter filed a timely notice of appeal, and both he and the revocation court complied with Pa.R.A.P. 1925.

Keiner raises the following issue for our review: "In revoking . . . Keiner's probation solely on technical violations and resentencing him to 3½ - 7 years

[of] total state confinement, whether the trial court abused its discretion by failing to consider . . . Keiner's rehabilitative needs and the needs of the community, as required by 42 Pa.C.S.A. § 9721(b)?" Keiner's Brief at 4.

Initially, we must determine if Keiner preserved his discretionary sentencing issue for our review. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Id***. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***See Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Keiner filed a timely notice of appeal and preserved a discretionary sentencing claim in a timely post-sentence motion. However, Keiner failed to include in his appellate brief a separate Rule 2119(f) statement. It is well-established that when an appellant fails to include a Rule

2119(f) statement and the appellee has not objected, we may ignore the omission. **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004). "However, this option is lost if the appellee objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied." **Id**. (*citing* **Tuladziecki**, 522 A.2d at 19). Here, the Commonwealth has expressly objected to Keiner's failure to include a Rule 2119(f) statement in his brief. **See** Commonwealth's Brief at 6, 8.[2] Accordingly, because Keiner failed to comply with Rule 2119(f) and the Commonwealth has objected to the omission, this Court may not review the merits of Keiner's claims.

Judgment of sentence affirmed.

---

[2] The Commonwealth additionally asserts that the particular discretionary sentencing issue that Keiner raised in his statement of questions involved was not preserved for our review in either Keiner's post-sentence motion or in his Rule 1925(b) concise statement. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and may not be raised for the first time on appeal); **see also Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008) (providing that claims relating to the discretionary aspects of a sentence are waived if not raised either at sentencing or in a post-sentence motion); Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement are waived). However, given our determination that **all** of Keiner's discretionary sentencing issues are waived, we need not address this additional waiver concern.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2023