J-S09035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES DAVIS | : | |
| | : | |
| Appellant | : | No. 2181 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000941-2021

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED APRIL 7, 2025**

Appellant, Charles Davis, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on July 12, 2024. After review, we affirm.

Briefly, the relevant facts and procedural history are as follows: On February 21, 2020, Appellant was arrested and charged with murder and related offenses. On May 9, 2024, Appellant pled guilty to Third Degree Murder, Conspiracy to Commit Third Degree Murder, Attempted Murder, and Firearms Not to Be Carried Without License.[1] Following a pre-sentence investigation, Appellant was sentenced to an aggregate of twenty to forty

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 903; 18 Pa.C.S. § 901; 18 Pa.C.S. § 6106(a)(1).

years' imprisonment. Appellant filed a motion for reconsideration of sentence on July 15, 2024. The trial court denied the motion on August 14, 2024. Appellant filed a timely notice of appeal on August 15, 2024, and a statement pursuant to Pa.R.A.P. 1925(b) on August 26, 2024. The trial court filed its Rule 1925(a) opinion on September 3, 2024. This appeal follows.

Appellant raises one issue for our review:

> Whether the Court's aggregate sentence of 20 to 40 years' incarceration was an abuse of discretion which did not appropriately contemplate the legislative goals of sentencing under both Pennsylvania and Federal Law?

Appellant's Br. at 3.

Appellant's challenge is to the discretionary aspects of sentencing. As we have observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." **Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**.

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for

- 2 -

allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

> [W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa. R.A.P. 2119(f) *sua sponte, i. e.*, deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004).

Here, Appellant filed a timely appeal and preserved his contentions in a post-sentence motion which was denied on August 14, 2024. However, he failed to include a Pa.R.A.P. 2119(f) statement in his brief. Moreover, the Commonwealth has objected to Appellant's omission. Appellee's Br. at 5, 6. Because Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim, and we deny allowance of appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2025