J-A20039-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLTON F. WALTER | : | |
| | : | |
| Appellant | : | No. 1613 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 18, 2019
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001656-2018

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED OCTOBER 26, 2020

Carlton F. Walter ("Walter") appeals from the judgment of sentence imposed following his convictions of two counts of rape, and one count each of sexual assault, simple assault, and kidnapping.[1] We affirm.

In its Opinion, the trial court summarized the relevant factual and procedural history underlying this appeal as follows:

On September 27, 2016, Officer James Ardary [("Officer Ardary"),] [with the] Stoneycreek Township Police Department, received a call for service to investigate a sexual assault that had taken place in the 200 block of Ohio [Street], Johnstown, Cambria County, [Pennsylvania]. When [Officer Ardary] arrived at [the victim's] residence, he found her crying on the kitchen table. [The victim] told Officer Ardary that a black male, approximately 5'9" tall, skinny to medium built, wearing glasses, and clean shaven, put what she believed to be a gun on her back[,] took her into an alley[,] and had non-consensual sex

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), (a)(2); 3124.1; 2701(a)(1); 2901(a)(2).

with her. [The v]ictim was transported to the hospital[,] where a sexual assault forensic evidence kit was collected. A serology analysis of bodily fluids recovered from [the v]ictim's vaginal area and underwear identified a mixture of three DNA profiles.

On September 7, 2018, Officer Thomas Owens [("Officer Owens"),] [with the] Stoneycreek Township Police Department, received a report from Forensic DNA Scientist Rachael Rodriguez [("Rodriguez"),] which indicated that [Walter] was "indicated" by [the Federal Bureau of Investigation's Combined DNA Index System ("CODIS")] as a potential source of one of the DNA profiles [that was] collected from the [v]ictim's vaginal area and underwear. After receiving this report, Officer [Owens] began his investigation[,] which revealed that[,] despite not being from the Johnstown area, [Walter] had been in the 300 block of Ohio Street on or around May 2018. After obtaining a photograph of [Walter], Officer Owens noticed that the photograph matched the description given by the [v]ictim. Based on this information, Officer Owens filed a Complaint, obtained a warrant, and [Walter] was arrested. …

[Walter's] trial began on June 17, 2019, and lasted for two days. On June 18, 2019, the jury found [Walter] guilty of [the above-mentioned crimes.] On September 18, 2019, [the trial court] sentence[d] [Walter] to incarceration in a state prison for an aggregate period of nine years and two months to eighteen years and four months. On September 25, 2019, [Walter] filed his post-sentence [M]otion[,] in which he moved [for the trial court] to modify the sentence (unduly harsh), and to grant his [M]otion for acquittal based on: sufficiency and weight of the evidence, and prosecutorial misconduct challenges. After [a] hearing, [the trial court] denied [Walter's] post-sentence [M]otion on October 10, 2019.

On October 22, 2019, [Walter] filed this timely appeal.… On November 12, 2019, [Walter] filed his [court-ordered Pa.R.A.P. 1925(b)] Concise Statement of the [m]atters [c]omplained of on [a]ppeal.

Trial Court Opinion, 1/10/20, at 1-3.

On appeal, Walter raises the following questions for our review:

I. Whether the trial [c]ourt was in error in denying [Walter]'s Post[-]Sentence Motion for Sentence Modification when it found that it was not unduly harsh to sentence [Walter] to consecutive sentences?

II. Whether the trial [c]ourt was in error in denying [Walter]'s Post Sentence Motion [f]or Judgment of Acquittal when it found the Commonwealth had presented sufficient evidence as to the crimes of [r]ape by forcible compulsion, [r]ape by threat of forcible compulsion, [k]idnap to facilitate a felony, [s]exual assault, and [s]imple assault[?]

III. Whether the trial [c]ourt was in error in denying [Walter]'s Post Sentence Motion [t]hat a new trial should be granted when it found that the verdict was not against the weight of the evidence when the [p]rosecution relied on a non-credible in[-]court identification of [Walter] as the assailant to prop up a weak scientific identification through DNA analysis?

IV. Whether the trial [c]ourt was in error in denying [Walter]'s Motion [t]hat a new trial should be granted when[,] in closing argument[,] [the] prosecutor misrepresented critical scientific testimony and also suggested to the jury that the DNA evidence in the state [CODIS] system could be used to exonerate [Walter]?

Brief for Appellant at 8.

In his first claim, Walter argues that the trial court abused its discretion by sentencing him to consecutive sentences. See Brief for Appellant at 23-24. Walter claims that the sentence is excessive; the trial court did not state sufficient reasons for imposing the sentence; and the trial court did not give adequate consideration to mitigating factors. Id.

This claim challenges the discretionary aspects of Walter's sentence. "An appeal raising the discretionary aspects of sentencing is not guaranteed as of right; rather, it is considered a petition for permission to appeal."

Commonwealth v. Mulkin, 228 A.3d 913, 916 (Pa. Super. 2020). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Grays, 167 A.3d 793, 815-16 (citation omitted).

> When the appellant has not included a Rule 2119(f) statement and the Commonwealth has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) sua sponte, i.e., deny allowance of appeal. However, this option is lost if the Commonwealth objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

Commonwealth v. Kiesel, 854 A.2d 530, 533 (Pa. Super. 2004); see also Commonwealth v. Dawson, 132 A.3d 996, 1005 (Pa. Super. 2015) (denying an appellant's petition for permission to appeal the discretionary aspects of her sentence where the appellant failed to include a Rule 2119(f) statement in her brief and the Commonwealth objected).

Here, Walter filed a timely Notice of Appeal and raised his sentencing claim in a post-sentence Motion. However, Walter did not include a Rule 2119(f) statement in his brief, and the Commonwealth has objected to this deficiency. Brief for Commonwealth at 9. Accordingly, we are precluded

from considering Walter's discretionary sentencing claim on appeal. See Kiesel, supra; Dawson, supra.

In his second claim, Walter challenges the sufficiency of the evidence supporting his convictions for rape by forcible compulsion, rape by threat of forcible compulsion, kidnapping, sexual assault, and simple assault. Brief for Appellant at 24-28. According to Walter, the testimony of Ashlee Mangan ("Mangan"), the Pennsylvania State Police Crime Lab manager who reviewed the serology report, was unreliable. Id. at 25. Walter points out that Mangan did not prepare the serology report, and the serology report was not offered into evidence.[2] Id. Walter argues that the remaining evidence produced at trial was insufficient to identify him as the perpetrator of the above-mentioned crimes. Id. at 28.

When considering a challenge to the sufficiency of the evidence, we ascertain

_____

[2] Walter also challenges the admission into evidence of Mangan's testimony, and claims a violation of his Sixth Amendment right under the United States Constitution to confront a witness against him. See Brief for Appellant at 25-28. Walter argues that because the serology report was not admitted into evidence, and because Mangan did not prepare the report, Mangan should not have been permitted to testify regarding its contents. Id. Walter claims that his Sixth Amendment right was violated because the Commonwealth did not produce for cross-examination the lab technician who prepared the serology report. Id. To the extent that Walter raises these claims, they are waived, because they were not raised in his Concise Statement. See Commonwealth v. Lemon, 804 A.2d 34, 36 (Pa. Super. 2002) (stating that "issues not included in a Pa.R.A.P. 1925(b) statement are deemed waived on appeal.").

whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Melvin, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

As the trial court aptly explained,

[T]he [v]ictim was present at trial and testified about the attack perpetrated upon her; and, she identified [Walter] at trial as being her attacker. ... [H]er testimony showed that she had intimate knowledge of the attack and reconstructed the criminal occurrence, in great detail. And, she identified [Walter] as her attacker from her observations at the time of the crime. Finally, [Walter] was physically present in the courtroom during trial; so, the [v]ictim had the opportunity to see him and to compare his appearance to that of the attacker.

Trial Court Opinion, 1/10/20, at 8. Accordingly, there was sufficient evidence to identify Walter as the perpetrator, and to convict him of the above-mentioned crimes. See Melvin, supra.

In his third claim, Walter alleges that the jury's verdict was against the weight of the evidence.[3]  See Brief for Appellant at 28-31.  Walter claims that the victim's identification of him as the perpetrator was unreliable, because she was unable to give a detailed description of the perpetrator prior to trial, and her in-court identification was made 33 months after the crimes were committed.  Id. at 29-30.

> The law pertaining to weight of the evidence claims is well-settled.  The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses.  Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.  On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience.  Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

Commonwealth v. Gonzalez, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Here, the jury was free to assess the credibility of the victim in rendering the verdict, and we will not disturb that credibility determination on appeal.  See Gonzalez, supra.  Based on the record, the trial court's

---

[3] Walter does not state which convictions he is challenging based on the weight of the evidence.

decision is supported by the evidence, and does not shock one's sense of justice. See Commonwealth v. Gibbs, 981 A.2d 274, 282 (Pa. Super. 2009) (stating that "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review."). Thus, the trial court did not abuse its discretion in denying Walter's weight of the evidence claim.

In his fourth claim, Walter alleges that the prosecutor made false statements in his closing argument. Brief for Appellant at 31-34. Walter directs us to the prosecutor's comments that Walter's DNA was found "inside the victim," and that DNA profiles in the CODIS system are used not just "to convict people," but also "to exonerate people." Id. Walter claims that these statements were either not based on evidence produced at trial, or factually inaccurate. Id.

Here, Walter did not object to the prosecutor's comments at trial, either during the prosecutor's closing argument or immediately thereafter.[4] See N.T., 6/18/19, 139-150. "[T]he lack of a contemporaneous objection constitutes a waiver of any challenge to the prosecutor's closing remarks."

_____

[4] Walter raised this claim for the first time in his post-sentence Motion.

- 8 -

Commonwealth v. Rivera, 983 A.2d 1211, 1229 (Pa. 2009). Accordingly, this claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/2020