J-S17039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARGIE ANN MCDONOUGH | : | |
| | : | |
| Appellant | : | No. 1398 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 21, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002305-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARGIE MCDONOUGH | : | |
| | : | |
| Appellant | : | No. 1399 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 21, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000571-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARGIE MCDONOUGH | : | |
| | : | |
| Appellant | : | No. 1400 MDA 2020 |

Appeal from the Order Entered August 21, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000558-2020

J-S17039-21

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JUNE 16, 2021**

Margie Ann McDonough (McDonough) appeals from the judgment of sentence imposed at the above docket numbers[1] by the Court of Common Pleas of Schuylkill County (trial court) after she entered an open guilty plea to two counts of third-degree felony Retail Theft, one count of Possessing a Small Amount of Marijuana and two counts of Possession of Drug Paraphernalia.[2] She challenges the discretionary aspects of her sentence, maintaining that the trial court abused its discretion in imposing consecutive sentences resulting in an excessive aggregate term of imprisonment.  We affirm.

We take the pertinent factual background and procedural history from the trial court's December 7, 2020 opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court entered the judgment of sentence at all three trial court docket numbers and McDonough filed a notice of appeal at each docket number pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).   On December 7, 2020, we consolidated the cases *sua sponte*.

She purports to appeal from "the sentence imposed [on] October 16, 2020," but this was the date that the court denied her post-sentence motions. Because an "appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions," we have changed the caption accordingly.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*), *appeal denied*, 800 A.2d 932 (Pa. 2002).

[2] 18 Pa.C.S. §§ 3929 and 35 P.S. § 780-113(a)(31), (32).

- 2 -

**I.**

On July 2, 2020, McDonough entered an open guilty plea to the above charges[3] and the court ordered the preparation of a presentence investigation report (PSI). At the August 21, 2020 sentencing hearing, the court learned that McDonough did not cooperate with preparation of the PSI because she had given a false address at her guilty plea hearing and the Schuylkill County Adult Probation Office was unable to contact her. Pursuant to her bail conditions, she was directed to live at her parents' home, but she explained at the sentencing hearing that she did not get along with them.

McDonough testified that she was living in an apartment with her children and she was pregnant but neither her parents nor the father of the unborn child wanted anything to do with her. She maintained that she had attended an orientation and would have future employment at a retail distribution center. She also stated that she was on medication to help with an opioid addiction. In support of her claim that she was attending drug treatment, she provided the court with a contradictory typed and handwritten document that asserted that she was both compliant and noncompliant. However, her drug and alcohol treatment specialist testified that such

---

[3] The charges related to McDonough's November 1, 2019 possession of a small amount of marijuana and drug paraphernalia and her retail theft at Boyer Food Market, her commission of retail theft at Fegley's Mini Market on November 25, 2019, and her possession of drug paraphernalia when police executed the arrest warrant on February 4, 2020, for the November crimes.

documentation is only done on a computer and would never have anything handwritten on it other than her signature. In fact, at the later hearing on a motion to modify sentence, McDonough admitted falsifying the document.

The PSI reflected that McDonough had a criminal record that included seven prior theft cases that also contained driving under the influence and drug paraphernalia charges. She committed the three violations that were before the sentencing court on separate days while on bail and awaiting sentencing for a prior retail theft in another county.

After considering the PSI, all matters raised by McDonough, her criminal history and medical and rehabilitative needs, the court imposed consecutive standard range sentences at case numbers 2305-2019 and 558-2020 of not less than six nor more than twelve months' incarceration at a state facility on each of the felony retail theft charges, resulting in an aggregate sentence of not less than one nor more than two years. The court ordered probation at all other counts, found McDonough RRRI eligible and directed her to obtain a drug and alcohol evaluation and to comply with any recommended treatment.

McDonough filed a post-sentence motion to modify the sentence. She represented that her parents were caring for her children and requested that she be placed on home confinement. The court denied the motion where McDonough had initially given a false address to the probation office and had not participated in the PSI process or provided any information required at either the sentencing or modification hearings to allow for a determination of

her eligibility for the home confinement program. McDonough timely appealed and complied with Rule 1925(b). **See** Pa.R.A.P. 1925(b).

## II.

McDonough argues that the trial court abused its discretion in imposing consecutive sentences and failing to consider mitigating factors such as the fact that she is the sole caregiver for her children, that she possesses a satisfactory residence and that an employment opportunity that will enable her to care for them, and that she is on medication that she cannot safely discontinue if in prison.[4] (**See** McDonough's Brief, at 11). This issue challenges the discretionary aspects of her sentence. **See Commonwealth v. Moury**, 992 A.2d 162, 169 (Pa. Super. 2010) (challenging imposition of consecutive sentences implicates the discretionary aspects of sentence); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa. Super. 1995), *appeal*

---

[4] Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted).

*denied*, 676 A.2d 1195 (Pa. 1996) (claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (citation omitted).

Here, McDonough filed a timely post-sentence motion and notice of appeal. Although she fails to provide a Rule 2119(f) statement, we will ignore this omission where the Commonwealth has not objected. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004). Thus, we consider whether she has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Ali***, 197 A.3d 742, 760 (Pa. Super. 2018), *appeal denied*, 207 A.3d 911 (Pa. 2019). "A defendant

presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotation marks and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

McDonough argues that the court abused its discretion in failing to consider mitigating factors when it imposed a consecutive sentence resulting in an aggregate term of not less than one nor more than two years' imprisonment. (***See*** McDonough's Brief, at 9-11). This does not raise a substantial question. ***See Moury***, ***supra*** at 175 ("That the court refused to weigh the proposed mitigating factors as Appellant wished [when imposing consecutive sentences] absent more, does not raise a substantial question.").

Moreover, even assuming, *arguendo*, that McDonough did raise a substantial question, she would be due no relief.

First, the court had the benefit of a PSI and, thus, "it is presumed that [it was] aware of all appropriate sentencing factors and considerations, and [] where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Furthermore, the imposition of consecutive rather than concurrent sentences is within the sound discretion of the sentencing court. ***See Zirkle***, ***supra*** at 133; ***see also*** 42 Pa.C.S. § 9721. A defendant is not entitled to a

"volume discount" for her crimes by having them run concurrently. *Zirkle*, *supra* at 133. Before imposing sentence, the court heard counsel's arguments and McDonough's testimony regarding her role as primary caregiver, the fact that she had housing and an employment opportunity to care for her children, and her claim regarding her medication to treat her opioid addiction. (*See* N.T. Sentencing, 8/21/20, at 4-7, 15, 36-37, 39). The court considered McDonough's demeanor, her criminal history and that incarceration at a state facility would best meet her rehabilitative and medical needs. (*See* Trial Ct. Op., at 4-5; 38-40). The individual sentences as to each count were within the guideline ranges and their consecutive imposition did not result in a manifestly excessive sentence.

Accordingly, even if McDonough had raised a substantial question, she would be due no relief where she has failed to establish that the court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Zirkle*, *supra* at 132 (citation omitted). Based on all the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/16/2021

- 8 -