**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENDEL YOUNG | : | |
| | : | |
| Appellant | : | No. 2605 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000103-2022

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED JUNE 25, 2024**

Appellant, Glendel Young, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his open guilty plea to corrupt organizations, conspiracy to engage in corrupt organizations, dealing in unlawful proceeds, conspiracy to possess cocaine with the intent to deliver ("PWID"), PWID, criminal use of a communication facility, and possession of a firearm with an obliterated serial number.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Following Appellant's arrest, the Commonwealth charged him with numerous counts in connection with his participation in a drug distribution organization operating in Philadelphia and Montgomery counties. On January 20, 2023,

---

[1] 18 Pa.C.S.A. §§ 911(b)(1), 911(b)(4), 5111(a)(1), 903(a)(1), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 7512(a), and 6110.2(a), respectively.

Appellant entered an open guilty plea to the above-mentioned charges, in exchange for the Commonwealth's agreement to withdraw all remaining charges. At the plea hearing, Appellant admitted to the following factual basis for his plea: On July 25, 2021, August 4, 2021, and August 10, 2021, Appellant delivered cocaine to an apartment located on Conshohocken State Road in Philadelphia. On August 19, 2021, Appellant possessed cocaine, marijuana, and two firearms, one with an obliterated serial number, on North 26th Street in Philadelphia. During this time, Appellant utilized two separate phone numbers to facilitate and arrange drug deliveries along with his co-conspirators. Finally, Appellant admitted to engaging in a pattern of racketeering. (*See* N.T. Guilty Plea Hearing, 1/20/23, at 18-26).

On June 14, 2023, the trial court conducted a sentencing hearing. The court acknowledged that it had reviewed the presentence investigation ("PSI") report, the parties' sentencing memoranda, and 10 letters submitted on Appellant's behalf. Appellant apologized to his family and presented character testimony from his aunt and cousin.

Juanita Kirby, Appellant's aunt, testified that she had known Appellant his entire life and that he helped raise her children. Ms. Kirby described Appellant as loving, caring, and giving. Ms. Kirby stated that Appellant's reputation in the community is that he is a "good guy" and generous man who donates to neighborhood children. Ms. Kirby also stated that Appellant is not a violent person. Patrice Brown, Appellant's cousin, testified that she has known Appellant all her life and that he is like her brother. Appellant helped

Ms. Brown raise her daughter and pay her bills while she was unemployed. Ms. Brown knows Appellant as a playful, silly person, and a father figure to her daughter.

At the conclusion of the hearing, the sentencing court imposed a standard-range sentence of 5 to 10 years' imprisonment for conspiracy and a consecutive 3 to 6 years' imprisonment for possession of a firearm with an obliterated serial number.[2]  Thus, Appellant received an aggregate sentence of 8 to 16 years' imprisonment.

On Monday, June 26, 2023, Appellant timely filed a post-sentence, which the court denied on August 28, 2023.  On September 26, 2023, Appellant timely filed a notice of appeal.  The court subsequently ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 16, 2023.

Appellant raises the following issue for our review:

> Was the sentence imposed in this case harsh and excessive under the circumstances and did the sentence imposed fail to give appropriate weight to the overwhelming evidence supporting mitigation?

(Appellant's Brief at 4).

Appellant contends that the sentence was harsh, excessive, and the court failed to adequately consider various mitigation factors.  Specifically, he avers that the sentencing court should have sentenced him concurrently rather than consecutively, given the limited period of time in which he was

---

[2] Appellant received no further penalty on the remaining counts.

involved in the conspiracy. Further, Appellant argues that the trial court did not give appropriate weight to mitigating factors such as his "hard" early life, such as the loss of his father and distance from his mother; his active involvement with his family; and, finally, that the reason for his criminal conduct was loss of income due to the COVID-19 pandemic. Additionally, Appellant points to mitigating factors including his expression of remorse in the PSI report, his attempts to use his arrest as a teaching moment for his son, and his good employment history.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Phillips, supra*** at 112 (emphasis in original) (internal quotation marks omitted). If the appellee objects to the appellant's failure to include the required Rule 2119(f) statement, this Court is "precluded from reviewing the merits of the claim and the appeal must be denied." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532-

33 (Pa.Super. 2004).

Instantly, Appellant did not include in his brief a Rule 2119(f) statement setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. **See** Pa.R.A.P. 2119(f). The Commonwealth objects to this defect and argues that Appellant has waived his issue on appeal. Due to Appellant's failure to comply with Rule 2119(f), and the Commonwealth's objection on this ground, we decline to reach the merits of Appellant's discretionary sentencing challenge. **See Kiesel, supra**. Accordingly, we affirm.[3]

Judgment of sentence affirmed.

_____

[3] Even if Appellant had included the requisite Rule 2119(f) statement, his claims arguably do not raise a substantial question warranting review. **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super. 2010) (stating allegation that sentencing court failed to consider certain mitigating factors generally does not raise substantial question; likewise, challenge to imposition of consecutive rather than concurrent sentences ordinarily does not raise substantial question). Moreover, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. **Id.** As well, where the sentencing court had the benefit of a PSI report, we can presume the court was aware of information regarding appellant's character and weighed such information along with any mitigating factors. **See id.** As the court imposed standard range sentences and had the benefit of a PSI report in this case, Appellant would not be entitled to sentencing relief, even if he had properly invoked this Court's jurisdiction to review his sentencing challenge.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/25/2024