**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCEL JENKINS | : | |
| | : | |
| Appellant | : | No. 2857 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003940-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCEL JENKINS | : | |
| | : | |
| Appellant | : | No. 2858 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003947-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCEL JENKINS | : | |
| | : | |
| Appellant | : | No. 2859 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003967-2021

J-S23019-24

BEFORE:  STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                      **FILED JULY 22, 2024**

Appellant, Marcel Jenkins, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for terroristic threats, recklessly endangering another person ("REAP"), kidnapping to facilitate a felony, theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, robbery of a motor vehicle, robbery, and fleeing or attempting to elude a police officer.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 19, 2021, Appellant was arrested and charged at three docket numbers with crimes associated with the vehicle robbery and kidnapping of a young family, and the subsequent city-wide police pursuit.  During the pendency of the trial, Appellant underwent four mental health evaluations to address competency.  On March 17, 2022, the court deemed Appellant competent.  The court again deemed Appellant competent on November 16, 2022.

Appellant's jury trial commenced on March 27, 2023, but Appellant refused to participate.  The trial court ordered an additional mental health evaluation.  Appellant was again found competent on March 28, 2023, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706, 2705, 2901(a)(2), 3921, 3925, 3928, 3702, 3701, and 906, respectively.

- 2 -

trial resumed the next day. On March 30, 2023, the jury convicted Appellant of three counts each of terroristic threats, REAP, and kidnapping to facilitate a felony; two counts each of theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, robbery of a motor vehicle, and robbery; and a single count of fleeing or attempting to elude a police officer. On June 30, 2023, the trial court sentenced Appellant to an aggregate 5½ to 11 years' state incarceration followed by 5 years' county probation.

That same day, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, contending that his mental health report indicated that he suffered from bipolar disorder, that his pre-sentence investigation ("PSI") report recommended a mental health evaluation and substance abuse treatment, and that he was suffering from a psychotic episode on the night of the incidents that led to his arrest. The trial court denied Appellant's motion by operation of law on October 30, 2023. On October 31, 2023, Appellant timely filed notices of appeal at the three underlying dockets.[2] On November 2, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 11, 2023, Appellant timely complied.

Appellant raises three issues for our review:

> 1. Whether the verdict was against the greater weight of evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?

---

[2] This Court consolidated the appeals *sua sponte*.

2. Whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offenses beyond a reasonable doubt on all charges?

3. Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the [trial] court failed to consider mitigating factors and state on the record why such sentence is warranted?

(Appellant's Brief at 9).

In Appellant's first issue, he argues that the jury failed to place appropriate weight upon certain evidence. Specifically, Appellant emphasizes his brother's testimony that Appellant suffered from mental health and substance abuse issues. Appellant claims that the trial testimony illustrated that Appellant suffered from a psychotic episode on the night of his arrest. Appellant concludes that the verdict was against the weight of the evidence, and this Court must remand for a new trial. We disagree.

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

    (1) orally, on the record, at any time before sentencing;

    (2) by written motion at any time before sentencing; or

    (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). "As noted in the comment to Rule 607, the purpose of

- 4 -

this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted).

Instantly, Appellant's post-sentence motion requested reconsideration of his sentence. The motion made no argument regarding the weight of the evidence and failed to specify the reasons why the verdict was against the weight of the evidence. Therefore, Appellant has waived his challenge to the weight of the evidence. ***See id.*** (***See also*** Trial Court Opinion, filed 1/29/24, at 4) (suggesting waiver of weight claim for failure to properly preserve it in post-sentence motion).

In Appellant's second issue, he argues that the evidence introduced at trial proved he was having a psychotic episode during the commission of the crimes. Therefore, Appellant suggests that he should be "insulated from criminal liability because his mental state that day was not voluntarily self-induced." (Appellant's Brief at 21). As a result, Appellant contends that the evidence was insufficient to support the verdicts for all charges. We disagree.

Preliminarily, our Rules of Appellate Procedure require that an argument section contain a discussion and citation of relevant authorities for each issue on appeal. ***See*** Pa.R.A.P. 2119(a). Significantly, the failure to develop specific claims on appeal with appropriate citations to and discussion of relevant authority constitutes waiver on appeal. ***Commonwealth v. Wilson***, 147 A.3d 7 (Pa.Super. 2016).

Instantly, in Appellant's argument section for this issue, he provides two paragraphs related to the general standard of review regarding sufficiency of the evidence claims. Then, Appellant provides a single analysis paragraph stating only: "The evidence clearly shows that Appellant was having a psychotic episode during his interaction with the alleged victims, and as such, he should be insulated from criminal liability because his mental state that day was not voluntarily self-induced." (Appellant's Brief at 21). Although Appellant then provides a citation "*See Commonwealth v. Hicks*, 483 Pa. 305, 396 A.2d 1183 [(1979),]" Appellant does not explain anything about *Hicks* or how it applies to the facts of his case. Further, Appellant provides no citations to the record pointing to which particular evidence supports his claims, and similarly provides no legal analysis regarding his suggested insanity defense. Appellant's failure to develop his sufficiency argument in a meaningful fashion constitutes waiver of his second issue on appeal. *See Wilson, supra*.

In his third issue, Appellant contends that his sentence was harsh and excessive, that the trial court failed to consider mitigating factors, and that the trial court failed to provide a contemporaneous written statement of the reasons why a sentence in the aggravated range was warranted. As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536

(Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing). **See also Commonwealth v. Cartrette**, 83 A.3d 1030, 1040 (Pa.Super. 2013) (*en banc*) (explaining claim that court failed to consider Section 9721(b) sentencing factors pertains to discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise

statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Phillips, supra*** at 112 (emphasis in original) (internal quotation marks omitted). If the appellee objects to the appellant's failure to include the required Rule 2119(f) statement, this Court is "precluded from reviewing the merits of the claim and the appeal must be denied." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532-33 (Pa.Super. 2004).

Instantly, Appellant did not include in his brief a Rule 2119(f) statement setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. ***See*** Pa.R.A.P. 2119(f). The Commonwealth objects to this defect and argues that Appellant has waived his issue on appeal. Due to Appellant's failure to comply with Rule 2119(f), and the Commonwealth's objection on this ground, we decline to reach the merits of Appellant's discretionary sentencing challenge.[3]

_____

[3] Even if Appellant had included the requisite Rule 2119(f) statement, his claims arguably do not raise a substantial question warranting review. ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010) (stating allegation that sentencing court failed to consider certain mitigating factors

*(Footnote Continued Next Page)*

***See Kiesel, supra***.  Therefore, all of Appellant's issues on appeal are waived.

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024

_____

generally does not raise substantial question).  ***See also Mouzon, supra*** at 627-28 (stating that bald allegations of excessiveness, where appellant has not provided plausible argument that sentence is contrary to Sentencing Code or fundamental norms underlying sentencing process, does not raise substantial question).  Regarding Appellant's claim that the court did not state its reasons on the record for an aggravated range sentence, Appellant failed to preserve this specific claim in his post-sentence motion.  Thus, that particular sentencing issue is waived on this ground as well.  ***See Evans, supra***.